UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMBER GREEN, <br><br> Plaintiff(s), <br><br> vs. <br><br> SOUTHERN NEVADA REGIONAL HOUSING AUTHORITY, et al., <br><br> Defendant(s). | Case No. 2:14-cv-01945-APG-NJK <br><br> ORDER <br><br> (Docket No. 8) |

This matter is before the court on Plaintiff Amber Green's Fourth Applications to Proceed *In Forma Pauperis* filed on December 11, 2014. Docket No. 8. Plaintiff has requested authority, pursuant to 28 U.S.C. § 1915, to proceed *in forma pauperis*. This proceeding was referred to this court by Local Rule IB 1-9.

**I.     Background**

On November 24, 2014, the Court denied Plaintiff's first Application to Proceed *In Forma Pauperis* because it was incomplete. Docket No. 2. The following day, Plaintiff filed two additional Applications to Proceed *In Forma Pauperis* Docket Nos. 3, 4. The Court again denied Plaintiff's Applications as incomplete. Docket No. 5. Specifically, the Court noted that, within four days, Plaintiff's regularly monthly expenses had increased and that Plaintiff listed $114/month for car insurance, but stated she did not own a car. *Id.*, at 1-2. The Court also noted that Plaintiff's total listed monthly expenses exceed $2,000, which is more than her stated take-home pay of $1,500/month, and that Plaintiff listed no debts or financial obligations. *Id.*, at 2.

1    Plaintiff submitted a Third Application to Proceed *In Forma Pauperis*, and the Court
2 conducted a hearing regarding the Third Application on December 11, 2014. Docket Nos. 6, 9. The
3 order setting the hearing stated that Plaintiff needed to be prepared to discuss the inconsistencies in
4 her Applications. Docket No. 7. At the hearing, the Court inquired why, after specifically stating the
5 problems with her previous Applications, inconsistencies continue to exist. *See* Hearing Recording
6 (12/11/14) at 3:06 p.m.

7    Plaintiff's counsel represented to the Court that Plaintiff failed to include her car in the
8 Applications because she is paying off the car loan, and "in her mind she did not believe she owned
9 it." *Id.*, at 3:07 p.m. Plaintiff's counsel further represented that Plaintiff does have the title to the car.
10 *Id.* Plaintiff told the Court that she is responsible, and not her landlord, for the upkeep of the front
11 and back yards of her home. *Id.*, at 3:08 p.m. Thus, Plaintiff said she pays $75/month for yard work.
12 *Id.*

13    The Court denied the Third Application to Proceed *In Forma Pauperis* and gave Plaintiff a
14 final chance to complete the application appropriately. Docket No. 9. The Court warned Plaintiff that
15 the application needed to be filled out accurately. *See* Hearing Recording (12/11/14) at 3:08 p.m.
16 That application has now been filed. Docket No. 8.

17 **II.    Analysis**

18    Plaintiff does not have a right to proceed *in forma pauperis*. *Cooke v. Harpum*, 2008 WL
19 1859051, at *1 (N.D. Cal. Apr. 23, 2008) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th
20 Cir.1984)). Proceeding *in forma pauperis* is a privilege "which will be granted only upon full and
21 complete truthful statements made to [the] Court." *Poslof v. Walton*, 2012 WL 691767, at *3 (E.D.
22 Cal. Mar. 2, 2012) report and recommendation adopted, 2012 WL 968028 (E.D. Cal. Mar. 21, 2012).
23 Furthermore, each time Plaintiff submitted her Application, she signed the affidavit, indicating that
24 she understood that "a false statement may result in a dismissal of [her] claims." Docket No. 8, at 1;
25 Docket No. 6, at 1; Docket No. 4, at 2; Docket No. 3, at 2; Docket No. 1, at 2.

26    Pursuant to 28 U.S.C. § 1915, "any court of the United States may authorize the
27 commencement . . . of any suit, action or proceeding, . . . without prepayment of fees or security
28 therefor." 28 U.S.C. § 1915(a)(1). To qualify for *in forma pauperis* status under 28 U.S.C. § 1915,

Plaintiff must submit a sworn affidavit that she is unable to pay the costs of the Court proceedings. An affidavit is sufficient if it states that the Plaintiff cannot pay the costs of the proceedings and still provide for herself and any dependents "with the necessities of life." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Additionally, the affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). If an individual is unable or unwilling to verify his or her poverty, "the Court has the discretion to make a factual inquiry into a plaintiff's financial status and to deny their request to proceed in forma pauperis." *Cooke*, 2008 WL 1859051, at *2. *See Marin v. Hahn*, 271 F. App'x 578 (9th Cir. 2008) ("The district court did not abuse its discretion by denying Marin's request to proceed in forma pauperis because Marin failed to verify his poverty adequately"). To that end, if the Court determines that an individual's allegation of poverty is untrue, "it shall dismiss the case." 28 U.S.C. § 1915(e)(2).

The Court has reviewed Plaintiff's Fourth Application to Proceed *In Forma Pauperis*. Docket No. 8. Even after the Court warned Plaintiff to fill out the application completely and accurately, it continues to contain inconsistencies. Plaintiff has sworn, under penalty of perjury, that she vacated her previous home at the end of November, and paid her mother $400 to rent a room from her.[1] *Id.*, at 6-7. Plaintiff also states that still paying $400/month for utilities. Docket No. 8, at 4. For the first time, Plaintiff states that she has "to pay back-owed utilities," but previously stated she had no debts or financial obligations. Docket No. 8, at 7; Docket No. 1, at 2; Docket No. 3, at 2. Plaintiff's total monthly expenses also exceed her total monthly income by over $600.[2] *See* Docket No. 8.

Plaintiff's current Application states that she owns a car. Docket No. 8, at 3. However, the price of her car insurance has changed. *Id.*, at 4. In Second Application, Plaintiff stated she spends $114/month for car insurance. Docket No. 3, at 2. Plaintiff's Third Application states she spends

---

[1] Plaintiff's Third Application, filed on December 1, 2014, stated that her rent was $950/month. Docket No. 6, at 4.

[2] Thus, Plaintiff claims she spends more than 145% of her monthly income. Plaintiff also states she has no cash, no money in a bank account, and no debt.

- 3 -

1  $105/month.  Docket No. 6, at 4.  Now, Plaintiff states she spends $150/month for car insurance.
2  Docket No. 8, at 4.

3  **III.**     **Conclusion**

4      Plaintiff has not demonstrated her poverty with any particularity, definiteness or certainty.
5  Further, Plaintiff appears to have made numerous misrepresentations to the Court, both in writing and
6  in person.  Accordingly, the Court hereby **ORDERS** Plaintiff to file, under seal, proof of all of her
7  monthly expenses.  Plaintiff must file this proof no later than December 29, 2014.  Failure to do so
8  will result in a denial of her current Application to proceed *in forma pauperis*.

9      IT IS SO ORDERED.

10     DATED: December 17, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge